IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROMNEI XAVIER LOPEZ DUGARTE,

Defendant.

**8:25CR242**

**PROGRESSION ORDER**

Upon arraignment of Defendant this date, the entry of plea of not guilty, and without objection due to the court's designation of this matter as complex pursuant 18 U.S.C. § 3161(h)(7)(B)(ii),

IT IS ORDERED, the following progression deadlines are hereby imposed:

| **Event** | **Deadline** |
|---|---|
| Discovery Deadline; Exculpatory Evidence. The court has appointed Coordinating Discovery Attorney ("CDA") Russel Aoki. The parties shall confer and the Government shall disclose its discovery as required under Federal Rules of Criminal Procedure 16(a)(1)(A)-(F) and 16(b)(1)(A)-(B), through the CDA. The parties must comply with the continuing duty to disclose such matters pursuant to Rule 16(c).<br><br>To the extent there exists discovery materials unique to Defendant and not disclosed through the CDA, the Government shall provided that discovery by the deadline designated herein. | September 15, 2026 |
| Discovery cutoff, except for expert, *Jencks Act, Brady/Giglio* disclosures, and newly discovered evidence (the production of which is required by the government's ongoing Fed. R. Crim. P. 16 obligations). | 120 days before trial |

| | |
|---|---|
| Fed. R. Crim. P. 12 pretrial-motions deadline | October 30, 2026 |
| Disclosure of notice of affirmative defenses, including alibi, self-defense, and insanity defense(s). | Defendants must respond within 14 days of Government's written request for notice of affirmative defenses under Fed. R. Crim. P. 12.1 and 12.2. |
| Preliminary disclosure of witnesses who the government intends to call in its case-in-chief, subject to a protective order. | 60 days before trial[1] |
| Preliminary disclosure of exhibits the government intends to offer in its case-in-chief, subject to a protective order. | 60 days before trial[2] |
| Preliminary disclosure of summaries and charts the government intends to offer in its case-in-chief under Fed. R. Evid. 1006. | 60 days before trial[3] |
| Government's Fed. R. Evid. 404(b) notices | 30 days before trial |
| Fed. R. Crim. P. 16(a)(1)(G) disclosures/reports for Government's case in chief | 60 days before trial |
| Fed. R. Crim. P. 16(b)(1)(G) disclosures/reports for Defendants' case in chief | 60 days before trial |
| Rebuttal expert disclosures | 30 days before trial |
| *Jencks/Giglio* disclosures | 14 days before trial |
| Motions *in limine* | 30 days before trial |
| Trial | TBD |

1 The government may seek a protective order for any witness it asserts it should not disclose due to safety concerns. However, the government must advise the defendants of the number of witnesses it is not disclosing. The government must also submit to the Court, not the defendants, a summary of what the screened witnesses intend to testify about. The government retains the right to supplement or modify its preliminary disclosures.

2 The government may seek a protective order for any exhibit it asserts it should not disclose due to safety concerns. However, the government must advise the defendants of the number of exhibits it is not disclosing. The government must also submit to the Court, not the defendants, a summary of what the screened exhibit depicts. The government retains the right to supplement or modify its preliminary disclosures.

3 The government retains the right to supplement or modify its preliminary disclosures.

1. **Trial Scheduling:** Prior to the expiration of the pretrial motion deadline, the defendant shall inform chambers of the assigned magistrate judge whether the defendant is a) filing a motion for the extension of the pretrial motion deadline; b) requesting the scheduling of a change of plea hearing; c) filing a motion for the setting of a status conference; or d) planning on proceeding to trial. Unless otherwise ordered, trial of this case will be scheduled upon the expiration of the pretrial motion deadline, or final ruling on any motions filed.

2. **Due Process Protections Act.** Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

3. **Pretrial Motion; Prerequisites**. The filing, briefing, and hearing of pretrial motions,including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5.

   (a) Pretrial motions, as defined under Federal Rule of Criminal Procedure 12(b)(3), shall be filed on or before the deadline designated herein, and that deadline will not be extended by the Court except for good cause shown.

   (b) In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, the moving party's motion must state that counsel for the movant has talked to opposing counsel regarding the subject of the motion in an attempt to reach an agreement on the contested matters without involving the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences.

   (c) In the event any pretrial motion is filed, a supporting brief required by the provisions of NECrimR 12.3(b)(1) and, if applicable, evidence required by the provisions of NECrimR 12.3(b)(2), shall be simultaneously filed. Any request for hearing must be made as required by the provisions of NECrimR 12.3(b)(4). Any response to a motion shall be filed within fourteen (14) days in accordance with NECrimR 12.3(c).

   (d) Any request for leave to file a post-hearing brief must be made prior to or at the close of the evidentiary record for the hearing. Requests for post hearing briefs must explain the specific reasons the requesting party cannot be expected to argue its position before the hearing. Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or

the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

(e) Any ex parte application for the subpoena of a witness pursuant to Federal Rule of Criminal Procedure 17(b) shall contain the satisfactory showing required by said rule and shall be filed sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal adequate time in which to serve any subpoena. Absent good cause shown, an application or motion for an order to produce the appearance of a incarcerated witness shall be filed sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal at least fourteen (14) days to arrange for such appearance.

4. **Experts; Disclosures**. Any request for expert disclosures under the provisions of Federal Rules of Criminal Procedure 16(a)(1)(G) or (b)(1)(C) shall be filed pursuant to the deadlines designated herein. In lieu of a request for expert disclosures under Rule 16(a)(1)(G) or (b)(1)(C), any party may file a request for a status conference with the assigned magistrate judge to discuss case progression, to include, but not be limited to, discovery or expert disclosure deadlines, change of plea hearings, Federal Rule of Criminal Procedure 17.1 conferences, and trial scheduling.

   (a) Continuances. Any motion for a continuance or an extension of deadlines shall be filed in accordance with the provisions of NECrimR 12.1 - 12.3.

5. **Change of Plea.** If plea negotiations are to be instituted, they shall be concluded and advice thereof given to the trial judge **not less than seven (7) days** before the trial date, unless otherwise ordered by the court.

6. **Sealed Filings.** Financial affidavits, pretrial services reports, the Court's statement of reasons for sentencing, presentence investigation reports, sentencing recommendations, and other sentence-related motions will be filed under seal. In addition, on motion presented to the court during a hearing for entry of a plea of guilty, for the reasons explained in General Order 2018-2, the Court may order portions of any plea agreement to be filed under seal. If the motion is granted, the motion to seal, order granting the motion, and the sealed portion of the plea agreement will be filed in a separate and sealed docket of the court.

7. **Incarcerated Witnesses.** Absent good cause shown, any application or motion for an order to produce the appearance of an incarcerated witness shall be made sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal **at least fourteen (14) days** to arrange for such appearance. Any ex parte application for the subpoena of a witness pursuant to Federal Rule of Criminal Procedure 17(b) shall contain the satisfactory showing

required by said rule and shall be submitted sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal adequate time in which to serve any subpoena.

8. **CJA Vouchers.** Applications or vouchers pursuant to the Criminal Justice Act ("CJA") for authorization to hire third parties, to exceed CJA spending limits, or for the expenditure of CJA funds shall be submitted through the CJA eVoucher system and supported by a statement of:

   (a) The name, address and telephone number of the person sought to be hired (if applicable);

   (b) A specific statement of the amount sought and the method for computing it; and

   (c) A statement of the factual and legal bases supporting the request; including specific argument for exceeding the CJA's limits.

9. **Defendant's Presence.** The defendant shall be present at all pretrial proceedings unless the defendant's presence is excused by the Court, or the proceeding is scheduled with counsel only. A defendant's request to be absent from a proceeding must be filed **at least three (3) business days** prior to the proceeding, and it must be supported by either the defendant's written declaration or affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend the proceeding, or by counsel's statement that counsel has advised the defendant of the right to attend the proceeding, the defendant acknowledges understanding that right, and the defendant knowingly and voluntarily waives the right to attend the proceeding.

Dated this 8th day of September, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge